IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAY GIBASE | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | NO. 14-3261 |
| FACILITY | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                       JUNE /3, 2014

Plaintiff Ray Gibase brings this action pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility, where he was recently incarcerated. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an amended complaint.

### I. FACTS

Plaintiff alleges that, while he was incarcerated at the George W. Hill Correctional Facility, he was triple-celled, meaning that he was housed in a "2-man" cell with two additional inmates. Plaintiff alleges that he was triple-celled on Unit 8 for eleven days in May of 2013. He was subsequently triple-celled on Unit 2 from July 19, 2013, through December 26, 2013. Based on those allegations, plaintiff filed this lawsuit, pursuant to § 1983, apparently seeking damages in an unspecified amount for the violation of his constitutional rights.

### II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's complaint must be dismissed because "'[t]he George W. Hill Correctional Facility is not a legal entity susceptible to suit.'" *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). In any event, plaintiff has not stated a plausible claim for the violation of his constitutional rights based on the conditions in which he was confined at the George W. Hill Correctional Facility.

As plaintiff's status during his incarceration is not clear from the complaint, the Court will analyze his claims under both the Eighth Amendment, which governs claims brought by convicted inmates challenging their conditions of confinement, and the Fourteenth Amendment, which governs claims brought by pretrial detainees. *See Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). To establish an Eighth Amendment violation based on the

conditions of confinement, a prisoner must show that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must show that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at158.

In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g.*, *Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983). However, housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling"); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Here, plaintiff alleges that he was triple-celled on one occasion for eleven days and on another occasion for five months and a week. In essence, he is seeking to establish a constitutional violation based solely on the fact that he was triple-celled while he was incarcerated. Without more, the complaint fails to state a claim because it does not plausibly establish that the conditions of confinement at the George W. Hill Correctional Facility amounted to punishment or deprived plaintiff of any basic human need. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single

3

human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *McCree v. Sherrod*, 408 F. App'x 990, 992-93 (7th Cir. 2011) (affirming dismissal of complaint when plaintiff essentially alleged that triple-celling constituted a per se violation of his constitutional rights); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed for failure to state a claim. The dismissal is without prejudice to plaintiff filing an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14 (3d Cir. 2002). An appropriate order follows.